**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Nazar Rozyyev,

Petitioner,

v.

Pamela Bondi, et al.,

Respondents.

No. CV-26-00371-PHX-KML (JFM)

**ORDER**

Petitioner Nazar Rozyyev is a citizen of Turkmenistan who applied for admission and asylum at the Brownsville Port of Entry in February 2024. (Docs. 1 at 15; 4 at 2.) He "was granted discretionary parole under 8 U.S.C. § 1182(d)(5)." (Doc. 4 at 2.) That parole was set to expire on April 18, 2025. (Doc. 6-2 at 2.) Rozyyev did not depart prior to the expiration of his parole and, in January 2026, "was re-encountered by ICE" and arrested. (Doc. 6-2 at 2.) Rozyyev is currently being held at the Eloy Detention Center. (Doc. 6-2 at 2.)

On January 21, 2026, Rozyyev filed a habeas petition seeking release from custody. (Doc. 1.) That petition was premised on Rozyyev's assertion that he was "subject to the detention authority of 8 U.S.C. § 1226," not the detention authority of 8 U.S.C. § 1225. (Doc. 1 at 11.) On that basis, Rozyyev alleged he was entitled to a bond hearing. (Doc. 1 at 3-4.) Respondents filed a response arguing Rozyyev instead "presented at a Port of Entry and was designated as an arriving alien," so "is subject to mandatory detention under 8

U.S.C. § 1225(b)(2)(A) until his removal proceedings conclude." (Doc. 4 at 3.)[1] Rozyyev then changed his arguments significantly on reply.

The reply claimed respondents ignored the "dispositive feature of this case": that Rozyyev had been paroled into the United States under 8 U.S.C. § 1182(d)(5). (Doc. 5 at 2.) Rozyyev argued that "[o]nce the Government confers liberty through parole, it may not recapture that liberty through summary arrest and conclusory labels." (Doc. 5 at 2.) "The Due Process Clause and the parole statute"—according to Rozyyev—"require lawful, individualized procedures before re-detention, including notice, a reasoned explanation tied to individualized facts, and a meaningful opportunity to be heard." (Doc. 5 at 1-2.) In other words, the reply changed the focus of Rozyyev's claims and arguments from an alleged entitlement to a bond hearing as an alien detained under 8 U.S.C. § 1226 to an alleged constitutional and statutory entitlement to pre-revocation procedures as an alien detained under 8 U.S.C. § 1225 and subsequently paroled.

The same day Rozyyev filed his reply, respondents filed a motion seeking leave to file a declaration outlining Rozyyev's immigration history. (Doc. 6.) That declaration included the fact that Rozyyev's parole expired on April 18, 2025. (Doc. 6-2 at 2.) Rozyyev did not respond to respondents' motion to file the declaration. Instead, three months later he filed a motion to expedite. That motion acknowledges respondents' declaration but does not object to its filing or address any of its contents. (Doc. 8.)

The claims in the original petition were based on the allegation that Rozyyev was "subject to the detention authority of 8 U.S.C. § 1226." (Doc. 1 at 11.) Rozyyev appears to have abandoned that position. At the very least, the evidence provided by respondents establishes Rozyyev is not subject to the procedures provided in § 1226. Rozyyev therefore has not carried his burden of proving he is entitled to relief under the claims asserted in his petition. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case.").

The court will assume Rozyyev was entitled to change his theory of relief to one

---

[1] Respondents later provided exhibits supporting that assertion. (*See* Doc. 6-2 at 4.)

that his current detention is unlawful because he was not provided pre-revocation procedures. But even that theory fails because the Ninth Circuit has determined the applicable parole statute does not create a protectable liberty interest in temporary parole, and the parole regulations did not create a protectable liberty interest under the uncontested facts.

In *Wong v. United States*, Kwai Fun Wong had been paroled into the country under 8 U.S.C. § 1182(d)(5)(A). *See* 373 F.3d 952, 958 n.8 (9th Cir. 2004), *abrogated on other grounds as recognized by Pettibone v. Russell*, 59 F.4th 449, 452-53 (9th Cir. 2023). Shortly afterwards, an official revoked Wong's parole and she was removed from the United States. *Id.* at 959. Wong later filed a damages suit alleging, among other claims, that "officials violated her procedural due process rights by revoking her temporary parole" before resolving a pending "adjustment of status application." *Id.* at 967. The Ninth Circuit rejected this claim because it could "discern no substantive liberty or property interest . . . in temporary parole status." *Id.* at 968. According to the court, the language of § 1182(d)(5)(A) made "clear that whether and for how long temporary parole is granted are matters entirely within the discretion of the Attorney General[,]" so Wong had no "liberty interest in temporary parole that [was] protected by the Fifth Amendment." *Id.*

There is no dispute Rozyyev was an arriving alien temporarily paroled into the United States under 8 U.S.C. § 1182(d)(5)(A). (*See* Doc. 5 at 1 (conceding in reply that "the Government exercised its discretion to parole Petitioner into the United States under 8 U.S.C. § 1182(d)(5)(A).").) In that posture, Rozyyev was only entitled to the procedural due process rights provided by statute. *See Angov v. Lynch*, 788 F.3d 893, 898 (9th Cir. 2015); *accord Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138-40 (2020). And the Ninth Circuit has squarely decided that the statute applicable to Rozyyev does not confer a "substantive liberty or property interest" in temporary parole. *Wong*, 373 F.3d at 968. *Wong*'s determination that Rozyyev's parole statute does not confer a liberty interest protected by the Fifth Amendment forecloses the argument on which his reply rests.

In some circumstances, it could be possible for a regulation to confer a

constitutionally-protected liberty or property interest. *See, e.g.*, *Sterling v. Feek*, 150 F.4th 1235, 1248 (9th Cir. 2025). Rozyyev only hints at that argument. (*See* Doc. 5 at 5-6 (citing *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1145-46 (D. Or. 2025).) To the extent Rozyyev intended to raise such a claim, the regulation that indisputably applied to him would not support his position.

8 C.F.R. § 212.5(e) outlines procedures for the termination of parole, including "written notice" in certain situations. 8 C.F.R. § 212.5(e); *see also Y-Z-L-H*, 792 F. Supp. 3d at 1145-146 (discussing 8 C.F.R. § 212.5(e)(2)(i)). But that same regulation also makes clear parole is "automatically terminated without written notice . . . at the expiration of the time for which parole was authorized." 8 C.F.R. § 212.5(e)(1). Rozyyev has not disputed that his parole expired April 18, 2025, long before he was encountered. The regulation did not require he receive any written notice (or other form of advance notification) that his parole had been revoked.

Neither the parole statute nor the regulation applicable to Rozyyev created a constitutionally-protected interest. That means Rozyyev's claim asserting entitlement to pre-deprivation procedures fails at the first step, *i.e.* identification of "a liberty or property interest which has been interfered with." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Rozyyev cites two orders from the District of Arizona that concluded a temporary parolee had a liberty interest protected by the Fifth Amendment.[2] Other courts have reached the same conclusion, although the factual situations in those cases may have been different and most did not discuss *Wong*.[3] At least one court outside the Ninth Circuit has concluded an individual detained at the border and paroled in was not entitled to a hearing before his parole was revoked. *Palma v. Arteta*, No. 25 CIV. 9340 (JPC), 2026 WL 697015, at *10 (S.D.N.Y. Mar. 12, 2026). Here, the court need only analyze the potential

---

[2] *See, e.g.*, *Osmonaliev v. Cantu*, No. CV-25-03531-PHX-JJT, (D. Ariz. Dec. 16, 2025); *F.B. v. Noem*, No. CV-25-04271-PHX-JJT (JZB), 2025 WL 3628652, at *1 (D. Ariz. Dec. 4, 2025).

[3] *See, e.g.*, *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) (no discussion of *Wong*); *Y.M.M. v. Wamsley*, No. 2:25-CV-02075, 2025 WL 3101782, at *2 (W.D. Wash. Nov. 6, 2025) (same); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) (same).

liberty interests created by the statutory and regulatory context applicable to Rozyyev, that is, to an arriving alien who was granted temporary parole under 8 U.S.C. § 1182(d)(5)(A), and whose parole had "automatically terminated without written notice" before he was arrested. In this situation, contrary to his only remaining argument, Rozyyev did not have a substantive liberty interest within the meaning of the due process clause of the Fifth Amendment. *Wong*, 373 F.3d at 968. His petition is therefore denied.

The court wishes to emphasize that its analysis is limited to the very specific facts of an alien whose documents accurately reflect he presented as "an arriving alien" at a port of entry, was granted parole under 8 U.S.C. § 1182(d)(5)(A), and whose parole has expired before he is encountered. Other factual and procedural postures will likely require different analysis and may result in a different outcome.

**IT IS ORDERED** the petition for writ of habeas corpus (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Leave to File Exhibit (Doc. 6) is **GRANTED**. The document lodged at Doc. 7 shall be filed.

**IT IS FURTHER ORDERED** the Motion to Expedite (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of respondents and close this case.

Dated this 22nd day of May, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 5 -